FILED
MAY 27 2009
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By ______
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

INTERNATIONAL OPPORTUNITY CONSULTANTS, INC., a Michigan Corporation,
Plaintiff,

vs.

FASTECH, L.L.C., an Oklahoma limited liability company; FASTECH PRODUCTION, L.L.C., an Oklahoma limited liability company; DAVID MCDOWELL, an individual; JOSHUA SHARP, an individual; FASTECH HOLDINGS, L.L.C., an Oregon limited liability company; HYDROTECH, L.L.C., an Oklahoma limited liability company,

Defendants.

Case No. CIV 09-204-KEW
Judge

## VERIFIED COMPLAINT

The Plaintiff, International Opportunity Consultants, L.L.C. through its counsel of record R. Charles Wilkin, III and Courtney M. Wolin, brings its causes of action against the Defendants, FasTech, L.L.C., Fastech Productions, L.L.C., David McDowell, Joshua Sharp, FasTech Holdings L.L.C. and Hydrotech, L.L.C. In support of its Complaint, Plaintiff states and alleges as follows:

## PARTIES

1. Plaintiff, International Opportunity Consultants, L.L.C. ("**IOC**"), is a Michigan corporation with a principal place of business located at 3819 Rivertown Parkway SW, Grandville, Michigan 49418.



Consent given

2. Defendant, Fastech, L.L.C. ("**Fastech**"), is an Oklahoma limited liability company with its principal place of business in Pushmataha County, and located at 671 Highway 271 N, Antlers, Oklahoma, 74253.

3. Upon information and belief, Defendant, Fastech Production, L.L.C.("**Fastech Production**"), is an Oklahoma limited liability company with its principal place of business in Pushmataha County, and located at 1080 South Highway 109A, Lane, Oklahoma 74555.

4. Upon information and belief, Defendant, David McDowell ("**McDowell**"), is an individual who resides in Pushmataha County and resided at 1080 South Highway 109A, Lane, Oklahoma 74555.

5. Upon information and belief, Joshua Sharp ("**Sharp**"), is an individual who resides in Seattle, Washington.

6. Upon information and belief, Defendant, Fastech Holdings L.L.C. ("**Fastech Holdings**"), is an Oregon limited liability company with its principal place of business in Pushmataha County, and located at 1080 South Highway 109A, Lane, Oklahoma 74555.

7. Upon information and belief, HydroTech, LLC ("**Hydrotech**") is an Oklahoma limited liability company with its principal place of business in Pushmataha County, and located at 1080 South Highway 109A, Lane, Oklahoma 74555.

## JURISDICTION

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as this action is between citizens of different states and the matter in controversy exceeds

the sum of $75,000.00, exclusive of interest and costs. Further, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## FACTUAL BACKGROUND

10. McDowell is the President and managing member of Fastech and Fastech Production.

11. Sharp is the managing member of Fastech Holdings.

12 Upon information and belief, Fastech is an ongoing business operated through Fastech Production.

13. Upon information and belief, Fastech, Fastech Production, Fastech Holdings and Hydrotech are operated as a common enterprise by McDowell and Sharp.

14. On or about December 10, 2007, IOC entered into a Joint Venture Agreement ("**2007 Joint Venture Agreement**") with Fastech Production for the purported purpose of obtaining adequate capitalization for the purpose of building systems for generating sales of ethanol at current marketing pricing.

15. The 2007 Joint Venture Agreement required IOC to provide Fastech Production with a capital contribution equal to $300,000.00. In exchange, Fastech Productions agreed to equally split any profits resulting from the joint venture with IOC.

16. Defendants McDowell, Sharp, Fastech and Fastech Production made material false representations about the progress, viability, and profitability of the joint venture described in the 2007 Joint Venture Agreement in order to induce IOC to enter into the 2007 Joint Venture Agreement.

17. In reliance the material misrepresentations of Defendants McDowell, Sharp, Fastech and Fastech Production, IOC invested in the 2007 Joint Venture Agreement paying all funds required under the 2007 Joint Venture Agreement.

18. On or about January 3, 2008, IOC agreed to become a member of Fastech Holdings. On or about the same date, the members of Fastech Holdings entered into the Fastech Holdings, LLC Operating Agreement (**"Fastech Holdings' Operating Agreement"**) pertaining to the production and sale of ethanol systems.

19. Defendants McDowell, Sharp, Fastech and Fastech Production made material false representations about the progress and profitability about the 2007 Joint Venture Agreement in order to induce IOC to enter into the Fastech Holdings' Operating Agreement.

20. Based upon the Defendants McDowell, Sharp, Fastech and Fastech Production's false statements, IOC made the required capital contributions to Fastech Holdings as required by the Fastech Holdings' Operating Agreement.

21. On or about January 24, 2008, Defendants Fastech, McDowell and IOC, through Fastech Holdings, entered into an Amended Joint Venture Agreement.

22. As part and parcel of the Amended Joint Venture Agreement, IOC was recognized as having made a previous $100,000.00 investment in Hydrotech.

23. Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech made false representations about the progress, viability, and profitability of the joint venture in order to induce IOC to participate in the Amended Joint Venture Agreement.

24. On or about February 8, 2008, Fastech Holdings entered into a Venture Funding Agreement ("**2008 Venture Funding Agreement**") with Fastech Production to provide further capitalization to build additional ethanol systems and support structure.

25. McDowell, Sharp, Fastech, Fastech Production and Fastech Holdings made false representations about the progress and profitability about the joint venture in order to induce IOC to finance in the 2008 Joint Venture Funding Agreement.

26. Based on further false representations made by Defendants McDowell, Sharp, Fastech, Fastech Production and Fastech Holdings, on or about March 7, 2008, IOC made an additional capital contribution to Fastech Holdings in the amount of $500,000.00. This capital contribution brought IOC's ownership interest in Fastech Holdings to 81.81%.

27. On or about October 24, 2008, Fastech Holdings amended its operating agreement ("**Fastech Holdings Amended Operating Agreement**"). Pursuant to the Amended Operating Agreement IOC had contributed capital to Fastech Holdings in the amount of $2,850,000.00 and maintained an eighty percent (80%) ownership interest in Fastech Holdings.

28. IOC agreed to execute the Fastech Holdings Amended Operating Agreement based upon material misrepresentations by Defendants McDowell, Sharp, Fastech, Fastech Production and Fastech Holdings.

29. On or about November 6, 2008, IOC, Fastech Holdings and the J&J Family Trust entered into an Addendum to the Amended Operating Agreement ("**Addendum**").

30. The Addendum required IOC to contribute, as necessary, an additional capital contribution up to the amount of $550,000.00 on or before October 31, 2009.

31. IOC agreed to execute the Addendum based upon material misrepresentations by Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech.

32. As of the date of the filing of this Complaint, IOC has contributed the amount of $2,850,000.00 to Defendants McDowell, Sharp, Fastech, Fastech Productions, Fastech Holdings and Hydrotech.

**COUNT ONE**
**(BREACH OF FIDUCIARY DUTY)**

33. IOC re-pleads each and every material allegation set forth herein as though fully set forth in Count Two.

34. The various joint venture agreements executed by IOC give rise to a fiduciary duty on the part of Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech.

35. At all times relevant hereto, Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech had a fiduciary duty to deal with IOC in good faith.

36. IOC placed its trust and confidence in Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech as a result of their material misrepresentations.

37. In making material misrepresentations to IOC, Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech have breached their fiduciary duty.

38. As a direct result of Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech's breach of their fiduciary duties, IOC has been damaged in an amount greater than $75,000.00.

**COUNT TWO**
**(FRAUD)**

39. IOC re-pleads each and every material allegation set forth herein as though fully set forth in Count Two.

40. Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech made material false statements to IOC regarding a multi-million dollar contract with the Department of Defense and other bio-fuels producers for the sale of Hydranol, ethanol and ethanol processing systems.

41. Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech made material false statements to IOC regarding the existence of technology they had developed for the production of ethanol and Hydranol.

42. Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech made material false statements to IOC regarding the design and construction of an operational plant in Antlers, Oklahoma.

43. Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech made material false representations regarding the status and extent of their patents and intellectual property rights for ethanol production and Hydranol.

44. Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech made material misrepresentations about the success of their developed ethanol fermentation process.

45. Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech made material misrepresentations about the management and allocation of capital contributions received from IOC.

46. Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech made material misrepresentations about the existence of their contracts and negotiations relating to Ethanol with the Mexican government.

47. Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech knew that their representations to IOC were false when made, and/or made such representations recklessly and without regard to their truth or falsity.

48. IOC relied upon the false representations made by defendants.

49. IOC's reliance upon the false representations was justified under the circumstances.

50. IOC's reliance upon the false representations made by Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech proximately and factually caused IOC's damages for which it now seeks relief.

**COUNT THREE**
**(UNJUST ENRICHMENT)**

51. IOC re-pleads each and every material allegation set forth herein as though fully set forth in Count Three.

52. The conduct of Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech has unjustly enriched these Defendants to the detriment and expense of IOC.

53. As a result of Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech's unjust enrichment, IOC has suffered damages.

54. IOC is entitled to be reimbursed for any profit received by Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech as a result of its false representations to IOC.

**COUNT FOUR**
**(CIVIL CONSPIRACY)**

55. IOC re-pleads each and every material allegation set forth herein as though fully set forth in Count Four.

56. Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech have conspired to misrepresent the technology, progress and profitability of its joint venture with IOC, resulting in damages to IOC in an amount greater than $75,000.00.

**COUNT FIVE**
**(ACCOUNTING)**

57. IOC re-pleads each and every material allegation set forth herein as though fully set forth in Count Five.

58. McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech have failed to properly account for the investment monies received from IOC.

59. IOC has demanded information about its investments in Fastech, Fastech Production, Fastech Holdings and Hydrotech, but the Defendants have failed and refused to provide IOC with the requested information.

60. IOC is entitled to an accounting from McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech, including, but not limited to, an accounting of all information pertaining to the investment monies paid by IOC to Defendants, and tracing any revenues from IOC's investments to any other enterprises or parties.

**COUNT SIX**
**(VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934 – 15 U.S.C. § 78(a) *et seq.*)**

61. IOC re-pleads each and every material allegation set forth herein as though fully set forth in Count Six.

62. IOC is a party to investment contracts with McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech.

63. As part and parcel of IOC's investment contracts, IOC was to share in earnings and profits, while McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech were to manage, control and operate the joint venture.

64. IOC expected to earn a profit on the investment contracts from the efforts of the joint venture promoters, McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech.

65. In deciding to enter into investment contracts with McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech, IOC relied upon false and misleading representations by McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech.

66. By making false and misleading representations to induce IOC's investment, McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech have failed to comply with the provisions of the Securities Exchange Act of 1934, 15 U.S.C. § 78(a) *et seq.*

67. IOC is entitled to judgment, including a finding of treble damages for profit(s) gained or lost, against McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech for their respective violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78(a) *et seq.*

**COUNT SEVEN**
**(INJUNCTION)**

68. IOC re-pleads each and every material allegation set forth herein as though fully set forth in Count Seven.

69. The actions of Defendants, McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech, individually and in concert, are causing irreparable harm to IOC that is not remediable at law. Specifically, upon information and belief, Defendants are using and marketing the assets of the Defendants, including, but not limited to the intellectual property rights in the ethanol fermentation process and Hydranol to benefit themselves, to the exclusion of IOC's rights thereto.

70. The injury caused by the actions of Defendants, McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech, individually and in concert, is irreparable and ongoing.

71. IOC seeks an injunction enjoining and preventing Defendants, McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech, from further using and marketing the assets of Defendants, including, but not limited to the intellectual

property rights in the ethanol fermentation process and Hydranol for the benefit of themselves, to the exclusion of IOC.

72. IOC requests the Court to set its application for temporary injunction for an evidentiary hearing and, following the hearing, issue a temporary injunction against Defendants, McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech, for the relief sought herein.

73. IOC requests the Court to set its request for a permanent injunction for a full trial on the merits and, following the trial, issue a permanent injunction against Defendants Defendants, McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech, for the relief sought herein, as well as any and all further relief to which IOC may now or hereinafter be entitled.

**COUNT EIGHT**
**(RECEIVER)**

74. IOC re-pleads each and every material allegation set forth herein as though fully set forth in Count Eight.

75. The allegations of paragraphs 1-74 state a claim for the appointment of a receiver, pursuant to F.R.C.P. 66 and OKLA. STAT. Ann. 12, § 1551(1), over the assets and business affairs of Fastech, Fastech Production, Fastech Holdings and Hydrotech.

WHEREFORE, Plaintiff, International Opportunity Consultants, L.L.C., respectfully requests that this Court:

(i) Award Plaintiff actual damages against Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech, on its claim for civil conspiracy, in an amount to be determined at trial, but in no event in an amount less than $75,000.00;

(ii) Award Plaintiff actual damages against Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech on its claim for breach of fiduciary duty, in an amount to be determined at trial, but in no event in an amount less than $75,000.00;

(iii) Award Plaintiff actual damages against Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech on its claim for fraud, in an amount to be determined at trial, but in no event in an amount less than $75,000.00;

(iv) Award Plaintiff actual damages against Defendants McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech on its claim for unjust enrichment, in an amount to be determined at trial, but in no event in an amount less than $75,000.00;

(v) Award Plaintiff an accounting related to IOC's investments in Fastech, Fastech Production, Fastech Holdings and Hydrotech, tracing any revenues from IOC's investment monies to any enterprise or parties;

(vi) Award Plaintiff treble damages against McDowell, Sharp, Fastech, Fastech Production, Fastech Holdings and Hydrotech for violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78(a) *et seq.*, in a specific amount to be set forth at trial;

(vii) Appoint a receiver to manage the assets and business affairs of Defendants, Fastech, Fastech Production, Fastech Holdings and Hydrotech;

(viii) Award Plaintiff a temporary injunction;

(ix) Award Plaintiff punitive and/or exemplary damages in an amount to be determined at trial, but in no event in an amount less than $75,000.00;

(x) Award Plaintiff its attorney's fees and costs associated with this action; and

(xi) Award Plaintiff any other relief in law or equity to which Plaintiff may show itself entitled.

Respectfully Submitted,

R. Charles Wilkin, III, OBA No. 18491
Courtney M. Wolin, OBA No. 19975
GLASSWILKINpc
1515 S. Utica, Suite 250
Tulsa, OK 74104
(918) 582-7100 – Voice
(918) 582-7166 – Facsimile

Attorneys for Plaintiff International Opportunity Consultants, Inc.

**VERIFICATION**

**I , David W. McQueen, President of International Opportunity Consultants, Inc., do hereby attest that I have read the foregoing Verified Complaint and do hereby affirm, under penalties of perjury, that the allegations contained herein are true and accurate to the best of my knowledge and belief.**

International Opportunity Consultants, Inc.

By: ______________________
DAVID W. McQueen

Title: President

Sworn and subscribed to this 26th day of May, 2009.

Andrea L. Oade
Notary Public

ANDREA L. OADE
NOTARY PUBLIC – STATE OF MICHIGAN
COUNTY OF KENT
MY COMMISSION EXPIRES 06/07/2013
Acting in the County of Kent