**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| INTERNATIONAL OPPORTUNITY CONSULTANTS, INC., a Michigan Corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>FASTECH, L.L.C., an Oklahoma limited liability company; FASTECH PRODUCTION, L.L.C., an Oklahoma limited liability company; DAVID MCDOWELL, an individual; JOSHUA SHARP, an individual; FASTECH HOLDINGS, L.L.C., an Oregon limited liability company; HYDROTECH, L.L.C., an Oklahoma limited liability company,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 09-204-KEW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT**

    Pursuant to Federal Rules of Civil Procedure, Rule 26(f), counsel for International Opportunity Consultants ("**IOC**"), R. Charles Wilkin III of GlassWilkin pc and Defendant/Cross-claimant Joshua Sharp, submit this Joint Status Report. The Defendants, David McDowell, Fastech, L.L.C, Fastech Production, L.L.C., and Hydrotech, L.L.C. ("**FASTech Defendants**") were represented by Martha Cherbini, who filed a Motion to Withdraw on November 18, 2009, without providing a service address, and no counsel has entered an appearance on behalf of the referenced defendants as of the date of this Status Report. No summary of Defenses is presented with regard to the FASTech Defendants as no counsel for these defendants participated in the drafting of this Status Report.

1. Summary of Claims:

    a. Plaintiff's Claims:

In late 2007, Plaintiff, International Opportunity Consultants, Inc., and Defendants entered into a series of joint venture agreements and operating agreements for the purpose of obtaining adequate capitalization to build systems and support structure related to the production of ethanol. As part of these agreements, Plaintiff contributed the amount of $2,850,000.00 to Defendants. Arising out of these agreements and as a direct result of Plaintiff's capital contributions, Plaintiff has brought claims against the Defendants for breach of fiduciary duty, fraud, unjust enrichment, civil conspiracy, violations of the Securities Exchange Act of 134 – 15 U.S.C. § 78(a) *et seq*. Additionally, Plaintiff seeks an accounting, injunctive relief and the appointment of a receiver.

    b. Cross-claimant's Claims:

2. Summary of Defenses:

I, Joshua Sharp, and later, as a member and a manger of FASTech Holdings, invested into a series of joint venture agreements and operating agreements for the purpose of obtaining adequate capitalization to build systems and support structure related to the production of ethanol. As part of these agreements, myself, my parents, and several friends contributed the amount of approximately $850,000.00 (none of that sum being part of the Plaintiff's capital contributions) to Defendants (besides myself). It is my belief that FASTech LLC, its subsidiaries and principals (namely defendant David McDowell) did intend to, and succeeded in, taking our funds (including those of the Plaintiff) with no intention or plan to make good on the agreements. I agree and accept

2

all the discovery requests listed on this document by the Plaintiff. I do not agree, and strongly protest, some of the statements made in the original filing against myself in matters not related to me, nor in my hands, and hope that via the discovery process and presentation of my materials related to the matter that this will be resolved with the fair return of capital from David McDowell and FASTech llc and restored relationship between IOC and myself.

    a.    Cross-claimant's Defenses: I, Joshua Sharp listed my comments above under the 'Summary of Defenses'.

3.    Stipulations:

    A.    Jurisdiction Admitted: __X__ Yes _____ No  Explain:

    _____

    B.    Venue appropriate: __X__ Yes _____ No Explain:

    _____

    C.    Facts:

        1.    Plaintiff is a Michigan corporation with its principal place of business located in Grandville, Michigan.

    D.    Law:

        1.    Plaintiff's claims are based upon the common law and the Securities and Exchange Act of 1934, 15 U.S.C. § 78(a) *et seq*.

4.    Discovery Plan: Plaintiff proposes to the Court the following discovery plan:

Discovery will be needed on the following subjects:

    1.    Plaintiff requests discovery on the following topics:
        a.    The investors in Fastech, LLC, Fastech Production, LLC, Fastech Holdings, LLC and Hydrotech, LLC;

      b.     The relationship between the Defendants;
      c.     Capital contributions received by Defendants;
      d.     The use of capital contributions by the Defendants;
      e.     The joint venture agreements entered into between Plaintiff and Defendants;
      f.     The operating agreements entered into between Plaintiff and Defendants;
      g.     Representations made by Defendants to investors and potential investors;
      h.     Defendants' negotiations with potential purchasers of its ethanol products;
      i.     Defendants' contracts with purchasers and potential purchasers of its products;
      j.     Assets owned by Defendants;
      k.     Defendants' technology for the development and fermentation of ethanol;

All discovery commenced in time to be completed by May 24, 2010; however, the parties may request the opportunity to obtain more time if necessary.

Maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service. Maximum of 25 requests for admissions by each party to any other party. Responses due 30 days after service.

Maximum of 12 depositions by Plaintiff and 12 by the Defendants. Each deposition is limited to a maximum of 7 hours unless extended by agreement of the parties.

5.     All parties consent to trial before Magistrate Judge?

    _____ Yes   \_\_\_\_X\_\_\_ No (If yes is marked you must sign and file a consent form.)

6.     Settlement Plan:

Settlement Conference requested after the discovery cutoff date.

       Other ADR (explain)

7.     Estimated Litigation Costs:

    A. Plaintiff – unknown due to the present uncertainty with regard to counsel for Defendants and the pending Motion for Appointment of Receiver [Docket No. 11].

    B. Defendants

       (1) Through Discovery Cutoff      $_____

       (2) Discovery Cutoff through Trial      $_____

       (3) Appeal      $_____

                      Total  $_____

                   Grand Total  $_____

       Actual Amount in controversy     $  2,850,000

Approved:

*s/R. Charles Wilkin III*
R. Charles Wilkin III, OBA No. 18491
GlassWilkin pc
1515 S. Utica Ave., Ste. 250
Tulsa, OK  74119
Telephone: (918) 582-7100
Telecopier: (918) 582-7166
cwilkin@glasswilkin.com
ATTORNEY FOR PLAINTIFF
INTERNATIONAL OPPORTUNITY
CONSULTANTS, INC.


s/Joshua Sharp
Joshua Sharp, *Pro Se Defendant*
11 Biz Place
White Salmon, WA  98672


**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2009 I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.

I hereby certify that on November 30, 2009 I served the same document by certified and first class mail on the following, who are not registered participants of the ECF system:

David McDowell
FasTech, L.L.C.
Fastech Productions, L.L.C.
HydroTech, LLC
611 Highway 271 N
Antlers, Oklahoma, 74253


*s/R. Charles Wilkin III*
R. Charles Wilkin III

6